```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

AJAX PAVING INDUSTRIES, INC.,

    Plaintiff,
v.                                Case No.: 8:10-cv-2508-T-33AEP

AMERICAN HOME ASSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant American Home Assurance Company's motion to dismiss counts II, IV, and a portion of count I, filed on November 22, 2010. (Doc. # 5). On December 3, 2010, Plaintiff Ajax Paving Industries, Inc. filed a memorandum of law in opposition to American Home's motion to dismiss. (Doc. # 8). For the reasons set forth below, the motion to dismiss is denied as moot. Ajax is granted leave to amend the complaint to correct the deficiencies identified in the motion to dismiss.

**Discussion**

This action arises from an insurance coverage dispute. American Home is a New York corporation that sells insurance policies in Florida. (Doc. # 2 at 1). On May 4, 2006, American Home issued a Workers Compensation and Employers Liability Policy to Ajax, a Florida corporation. (Doc. # 5-1

1

at 1). In count I of the complaint, Ajax alleges breach of contract for failure to provide coverage under the policy. (Doc. # 2 at 2). Count II seeks declaratory relief as to American Home's obligation to provide coverage under the policy. Id. at 5. Count IV alleges breach of an implied duty of good faith and fair dealing. Id. at 9.

American Home argues that count IV should be dismissed as premature because coverage and liability under the insurance policy have not yet been determined in the underlying claim giving rise to the insurance coverage dispute. (Doc. # 5 at 2). Further, American Home contends that count II should be dismissed because declaratory relief is subsumed within Ajax's breach of contract claim. Id. at 10.

In its response, Ajax acknowledges that its request for declaratory relief in count II is "perhaps not explicitly spelled out" and indicates that Ajax "would be willing to amend" count II to add necessary clarification. (Doc. # 8 at 9).

Further, Ajax concedes that, regarding count IV of the complaint, "an error was made" and that although not reflected in the complaint, Ajax "has not asserted a bad faith claim against [American Home] and therefore its claim for breach of implied duty of good faith and fair dealing should not be

2

dismissed." Id. at 2.

Ajax has asked "this Court to analyze this motion to dismiss and opposition thereto assuming that change has been made or ultimately give Ajax an opportunity to amend its claim for breach of implied duty of good faith and fair dealing." (Doc. # 8 at 2).

A decision whether to grant or deny a motion for leave to file an amended complaint is within the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). Under Rule 15(a)(2), Fed. R. Civ. P., "[t]he court should freely give leave when justice so requires." The Foman decision enumerates the following factors that a district court may use to deny leave to amend: undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. Foman, 371 U.S. 178, 182 (1962). None of those factors are present in this case. The request to amend is timely under the Case Management and Scheduling Order's May 1, 2011, deadline for motions to amend pleadings. (Doc. # 13 at 1). This is Ajax's first request to amend, and amendment would not be futile because the purpose of amendment is to cure deficiencies identified by American Home.

3

Rather than analyze the motion to dismiss "subject to the understanding that Ajax will amend its cause of action . . . to properly include the necessary corrections" described above (Doc. # 8 at 12), the Court construes Ajax's response as a motion to amend the complaint and finds that such a motion is due to be granted. It is preferable to allow amendment than to decide the present dispositive motion based upon Ajax's concessions and assumptions.

Ajax may file an amended complaint on or before April 8, 2011. American Home may reassert its arguments after Ajax has amended the complaint, if necessary.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant American Home Assurance Company's motion to dismiss counts II, IV and portion of count I (Doc. # 5) is **DENIED AS MOOT** with leave to re-file if necessary.

(2) Plaintiff Ajax Paving Industries, Inc. may file an amended complaint on or before April 8, 2011.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of March, 2011.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

copies: Counsel of Record